IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAY E. COHLMIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.  06-1125-WEB |
| | ) |
| UNITED STATES DEPARTMENT OF TREASURY, | ) |
| | ) |
| Defendant. | ) |

### Memorandum and Order

This matter is before the court on plaintiff's Motion for Judgment (Doc. 9). The court has reviewed the motion, the defendant's response, and the plaintiff's reply. For the reasons stated below, the court finds the motion should be denied.

Plaintiff's motion alleges that the defendant was served with the complaint on July 31, 2006, but that it failed to file an answer within the 60 days allotted by Fed.R.Civ.P. 12(a)(3)(A). In response, the defendant says that although the U.S. Attorney General was served on July 31, 2006, the United States Attorney for the District of Kansas was not served until September 25, 2006, meaning service upon the defendant was not effective until the latter date. *See* Fed.R.Civ.P. 4(i)(2)(A) and 4(i)(1) (service upon the United States requires, among other things, delivery of the summons and complaint to the U.S. Attorney for the district in which the action is brought). Defendant thus claims that its time to answer has not expired. Attached to defendant's response is a copy of a summons showing that personal service was made upon the U.S. Attorney's office in Wichita on September 25, 2006. Doc. 11, Exh. A. In reply, plaintiff does not dispute that the U.S. Attorney was not served until September 25, 2006, but he argues the U.S. Attorney had actual notice

of the suit prior to that date, and he maintains Rule 4 "doesn't say what happens" in such circumstances. Doc. 12 at p. 2. He also asks that the court require the U.S. Attorney's office to testify about when it first learned of the suit, and that the U.S. Marshals be required to explain why it took 67 days to deliver the service of process.

The record before the court shows it is undisputed that service was not made upon the U.S. Attorney for this district until September 25, 2006. Rule 4(i) provides that service upon the United States shall be made by delivering a copy of summons and complaint to the local U.S. Attorney's office "and ... by *also* sending a copy" to the Attorney General. It thus requires both to be effective. *See e.g.*, *McGuire v. Turnbo*, 137 F.3d 321, 325-26 ("Service requires both delivery to the U.S. Attorney and mailing to the Attorney General...."). It is thus clear on the record that defendant's time to answer has not expired.

The court declines to conduct any inquiry into when the U.S. Attorney had actual notice of the suit, because notice does not determine when service is made. *See McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (actual notice does not satisfy the requirements of Rule 4). The court likewise declines to conduct an inquiry into the reason service was made when it was. The court notes that service was accomplished well within the 120-day time period provided for in Fed.R.Civ.P. 4(m).

*Conclusion*.

Plaintiff's Motion for Judgment (Doc. 9) is DENIED. IT IS SO ORDERED this  13th  Day of October, 2006, at Wichita, Ks.

s/Wesley E. Brown<br>
Wesley E. Brown<br>
U.S. Senior District Judge